564

filed 22<sup>d</sup> Sept<sup>ber</sup> 1817.

*Territory of Michigan*
*vs*
*Henry Hudson* No 19

[In the handwriting of William Woodbridge]

## Judge M^cDonell's Opinion]

(We have been favored with the following opinion of his Hon. Judge M'DONELL, relative to the trial of Henry Hudson, which will, no doubt, be interesting to many of our readers.)

### The United States vs. Henry Hudson.

This indictment charges the prisoner that he feloniously did buy and receive seven barrels of salt, of the goods and chattels of Shubael Conant, stolen and taken by one *Michael Crenan*, he, the said Henry Hudson, knowing the same to have been so stolen, against the form of the statute in such case made and provided, &c. and upon which indictment the said Henry Hudson was tried and found guilty by a jury of his country. A motion was made by the counsel for the prisoner for a new trial—on which motion argument was heard and overruled by the court. The motion now under consideration is in arrest of Judgment.

The first objection taken by the counsel for the prisoner is, that felony cannot be indicted as a misdemeanor, neither can a misdemeanor be indicted as a felony—To this I would observe, that the receiving of stolen goods, knowing them to be stolen, is only a misdemeanor at common law, and an affront to public justice (but by different British statutes afterwards enacted, which have no bearing or force in this Territory) make the offender accessory to the theft and felony—Felony in the general sense of the law comprises every species of crime.—Therefore a man that commits a crime, in violation of the laws of his God and his country, is guilty of a felonious offence. It is true our territorial statute makes the receiver of stolen goods, knowing the same to have been stolen, guilty of a high misdemeanor, and on conviction be punished by fine not exceeding 300 dollars, or imprisonment at hard labor not exceeding three years, or both. The acceptation of the term misdemeanor is undoubtedly a crime, and a crime, when committed knowingly, is done with a felonious intent. The celebrated sir William Blackstone justly observes, in his commentary on the laws of England —"Crimes and misdemeanors are mere synonimous terms, tho' in common usage, the word crime is made to denote such offences as are of a deeper dye while smaller offences, and omissions of less consequence, are comprised under the gentle name of misdemeanors only; that in favor of life great strictness has at all times been observed, in every point of an indictment. Sir Matthew Hale, indeed, complains that this strictness is grown to be a blemish, and inconvenience in the law, and the administration thereof—for that more offenders escape by the over easy ear given to exceptions in indictments, than by their own innocence, and many times gross murders, burglaries, robberies, and other crying and heinous offences, remain unpunished by these unseemly niceties, to the reproach of the law, the shame of the government, to the encouragement of villainy and to the dishonor of God.

And yet, notwithstanding this laudable zeal, no man was more tender of life than this truly excellent great judge.

Another objection is, when a statute describe an offence, the very words of the statute must be pursued, and if it be against the United States or the territorial statute the indictment is laid, that it is necessary to recite that statute. To this objection I shall observe, that all statutes of the United States, that have relation to this Territory, are binding on the inhabitants thereof, or within its jurisdiction. And in like manner so are all statutes adopted and published by the Governor and Judges agreeably to the ordinance of Congress creating this territory into a distinct government, and a component part of the government of the United States. I believe it to be a settled principle; that there is no necessity for an indictment, on a public statute, whereupon it is grounded, to recite that statute. For the Judges must *ex officio* take notice of all public statutes, or if there be any

more than one by which the indictment may be maintained, they will go upon that which is most to the government's advantage.

Another objection is, that an indictment should state when and where the original offence was committed.

To this objection I shall observe, that I believe it also to be a settled principle, that an indictment against the receiver of stolen goods need not allege time and place to the fact of stealing the goods; it is sufficient if they be alleged to the fact of the receipt. These are all the material points in the exceptions, that I think are necessary to be noticed. The arguments urged in support of the arrest of judgment, by the prisoner's counsel, merits approbation for the diligence and integrity manifested to their client, and the decorum and respect shewn to the court during this arduous session— and also to the brilliant display of professional talents—but which are more ingenious than solid in the present case—when the groundwork is unsound, the most magnificent superstructure is in danger of falling.

It will be but doing justice to mention that the Attorney-General has conducted this prosecution with patience, candor and ability, which reflect honor on him as a man and credit as a public prosecutor. I have made these observations after examining the subject under consideration with attention. I am well aware that my ideas are not delivered with that precise, technical, lawyer-like manner, that is customary to a professional character—it is merely the result of a close examination of the subject. I give it therefore as my opinion, that the indictment is good, and that the rule ought to be discharged.

[Reprinted from the *Detroit Gazette*, Aug. 29, 1817.]